## NEW YORK SUPERIOR COURT.

HESTER MARY HOWARD agt. TERENCE FARLEY, and otners.

In an action on a *money bond* (secured by mortgage) for the *penalty*, by reason of default in the payment of a half year's interest—the principal not yet due—the defendants served an *offer* under section 385 of the Code, to allow the plaintiff to take judgment for the *condition* of the bond with the interest due, besides the costs of the action, which offer was not accepted by the plaintiff, and on the trial she recovered judgment for the amount of the *interest only*—the court deciding that the plaintiff could not under the Code, have judgment for the penalty.

*Held,* that the plaintiff obtained a *more favorable judgment* than the defendants' offer, which entitled her to the *costs of the action.* For by accepting the defendants' offer she would have been bound to discharge the bond and mortgage not yet due, and reinvest her money at a probable loss of interest and expense.

*Special Term, March,* 1865.

THE complaint in this action alleged the making of a bond by the defendants, in the penalty of $7,600, conditioned to pay $3,800 on the 21st of May, 1865, with interest payable half-yearly. The complaint further alleged that a half-year's interest became due on the 21st of November, 1863, which remains unpaid, whereby the defendants became liable to pay to the plaintiff the sum of $7,600, the penalty of the bond. The defendants denied the right of the plaintiff to take judgment for the penalty, and insisted that it should be for the condition, and with their answer gave the plaintiff an offer, under section 385 of the Code, to allow judgment to be entered for $3,800, with interest from May 21, 1863, and additional interest on $133, from November 21, 1863, besides the costs of the action. The offer was not accepted. On the trial, the plaintiff obtained a judgment for $133 only, the court deciding that

the plaintiff could not have judgment for the penalty. The clerk refused to tax any costs to the plaintiff, except "for proceedings before notice of trial." The plaintiff appealed.

GOUVERNEUR TILLOTSON, *for plaintiff.*
ADOLPH LEVINGER, *for defendants.*

MONELL, J. The defendants' offer was to allow judgment to be entered for the whole sum secured by the bond, and if the plaintiff failed to obtain a more favorable judgment, he cannot recover costs, but must pay costs to the defendants from the time of the offer. The demand of judgment for the penalty of the bond was through an error of the plaintiff's counsel in supposing that the old action of debt on bond was not abolished by the Code. The plaintiff did not claim to collect the penalty, but claimed that the judgment should be in form for the penalty as in the old action of debt. In that case execution could issue to collect such sum only as was due by the condition of the bond—in this case six months' interest. The principal sum secured by the bond in suit will not become due until the 21st of May, 1865, and the plaintiff is not obliged, nor can she be compelled to receive it before maturity. The bond is presumed to be well secured by a mortgage on real property. The acceptance of the offer to allow judgment would have required a judgment for the amount stated in the offer, and it could not have been for any less sum. The judgment being entered, the defendants could pay the amount and thus satisfy the bond, and claim a discharge of the mortgage. Such a judgment cannot be said to be more favorable than such as the plaintiff has obtained. It would compel the plaintiff to receive the principal before due, and deprive her of a good investment of her money. The amount of the judgment is not the only test. Capitalists, whose means are invested in bond and mortgage, are usu-

ally reluctant to receive the principal until due. There is a liability to lose interest, and another investment must be found.

Under these circumstances, I think the judgment the plaintiff obtained was more "favorable" than the offer, and, consequently, she is entitled to recover the costs of the action.